UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOUSE ON THA TRACK LLC, BOOSIE BAD AZZ PUBLISHING LLC, PHAT BOSS PUBLISHING, SAVAGE LIFE PUBLISHING LLC, and TRILL PRODUCTIONS,<br><br>    Plaintiffs,<br><br>v.<br><br>PARG MANAGEMENT LLC and DARYUSH FERDOWS,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    No. _____ |

**COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**The Parties**

4. The Plaintiffs named in Column 2 (all references to "columns" herein refer to the numbered columns set forth in Schedule A) are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. Defendant Parg Management LLC ("PML") is a limited liability company that is organized under Texas law with offices at 11035 Ables Lane, Dallas, Texas 75354.

6. At all times hereinafter mentioned, PML did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Park Avenue, located at 11035 Ables Lane, Dallas, Texas 75354.

7. Musical compositions were and are publicly performed at Park Avenue.

8. On information and belief, defendant Daryush Ferdows a/k/a Dario Ferdows ("Ferdows") (together with PML the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Ferdows was, and still is, principal, manager, and/or officer of PML.

10. At all times hereinafter mentioned, Ferdows was, and still is, responsible for the control, management, operation and maintenance of the affairs of PML.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Park Avenue, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Park Avenue.

**Facts Specific to Defendants' Infringement of
Plaintiffs' Copyrighted Musical Compositions**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 660,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its

members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) On December 1, 2014, Defendants entered into a license agreement with ASCAP.

(b) Defendants failed to pay license fees as required by the license agreement, and on March 2, 2017, upon due notice, ASCAP terminated the agreement for default.

(c) Despite reminders of their liability under the United States Copyright Law, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Park Avenue, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. Since March 2, 2017, ASCAP representatives have made multiple attempts to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the ASCAP license for Park Avenue, subject to payment of fees owed under the terms of the license.

17. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Park Avenue constitute infringement of ASCAP's members' copyrights in their musical works.

18. Defendants have refused all of ASCAP's license offers for Park Avenue.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. Each composition was published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Park Avenue, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Park Avenue of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at Park Avenue include the performances of the three (3) copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Park Avenue, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated: November 7, 2018

*/s/ Stacy R. Obenhaus*
Stacy Obenhaus
Texas Bar No. 15161570
Abigail K. Drake
Texas Bar No. 24105817
Foley Gardere
Foley & Lardner LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Tel:  214.999.3000
Fax: 214.999.4667
sobenhaus@foley.com
adrake@foley.com

Counsel for Plaintiffs

Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | MOUSE ON THA TRACK LLC<br><br>BOOSIE BAD AZZ PUBLISHING LLC<br><br>PHAT BOSS PUBLISHING<br><br>SAVAGE LIFE PUBLISHING LLC<br><br>TRILL PRODUCTIONS | INDEPENDENT | Webster Gradney<br><br>Jeremy Allen<br><br>Torence Hatch<br><br>Melvin Vernell | February 26, 2008 | PA 1-924-164 | May 18, 2018 |
| 2. | SAVAGE LIFE PUBLISHING LLC<br><br>MOUSE ON THA TRACK LLC<br><br>TRILL PRODUCTIONS | BAD BITCH | Webster Gradney<br><br>Jeremy Allen | July 5, 2005 | PA 1-925-098 | May 18, 2018 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 3. | MOUSE ON THA TRACK LLC | WIPE ME DOWN | Jeremy Allen (p/k/a Mouse) | June 22, 2007 | PA 1-638-614 | May 18, 2018 |
| | TRILL PRODUCTIONS | | J. Reed | | | |